| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT NEW YORK | ECF Case |
| REINALDO GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 08 CV. 6845<br><br>JUDGE KARAS |

COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Reinaldo Gonzales, by and through his attorney, George W. Echevarria, Esq., now comes before this Court and complains of the United States Government, as follows:

I.

JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. Plaintiff is a Guatemalan national and a permanent resident of the United States who at all relevant times lived and still lives at 165 Main Street, Mt. Kisco, New York, 10549 and thus is a resident of the Southern District of New York.

2. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

1

3. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of New York, and arose from the false arrest and improper detention of Mr. Gonzales by the United States Government and its agents, without probable cause.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

5. This suit has been timely filed, in that Plaintiff timely served notice of his claim on the United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") in May, 2007 and by letter dated February 4, 2008 the DHS denied the Plaintiff's claim.

II.

EVENTS FORMING THE BASIS OF THE CLAIM

1. On Sunday, March 19, 2007 the Plaintiff was sleeping in his apartment at 165 Main Street, a multi-family dwelling located in Mt. Kisco, NY, when, at approximately 5:00 A.M., he was awakened by a person or persons banging on the door to his apartment.

2. Thereafter two or three men wearing dark jackets that bore the letters "ICE" in white on the back of the jackets, entered the Plaintiff's apartment and ordered him to get out of bed. Initially the Plaintiff, who was ill and had a fever, was not permitted to get dressed. After pleading with the officers, the Plaintiff was permitted to put on moccasins, a shirt and trousers.

3. The officers did not identify themselves, did not produce or exhibit a search warrant, did not explain why they were there and did not ask the Plaintiff to produce any identity documents.

4. The Plaintiff was grabbed, herded into a room at the premises along with other tenants and handcuffed. When the Plaintiff attempted to ask questions regarding the reason for his arrest and detention, he was ordered to "shut up."

5. As he was waiting, the Plaintiff heard ICE officers shouting and banging on the doors of other tenants.

6. The Plaintiff was terrified about what would happen next and extremely scared for his safety.

7. The Plaintiff's person and, upon information and belief, his apartment were searched. As he was being searched there were officers present who had their hands on holstered guns.

8. After being herded together in a room at the premises with other tenants the officers identified themselves as ICE agents.

9. Thereafter, the Plaintiff, who was still in handcuffs, was taken downstairs and outside to a waiting van. The Plaintiff was asked, in Spanish, whether he had ever been arrested and when he said "no" he was shoved into the van.

10. Fearful that he would be driven away, the Plaintiff shouted out that he was a permanent resident of the United States. The Plaintiff was threatened and told that if he was lying he would "regret it."

11. The Plaintiff was eventually permitted to retrieve his wallet from his room and upon producing his Alien Registration Card the restraints were cut and he was released.

12. As the ICE officers left, the Plaintiff was ordered to close all of the doors at the premises that had been left open during the raid.

13. Plaintiff later learned that the ICE officers were allegedly looking for a 48 year old undocumented "fugitive" with "multiple criminal convictions" named "Estanslao Lopez"

3

("Lopez"); at the time of the events complained of herein, the plaintiff was 25 years old.

14. Plaintiff was advised by officers of the Mt. Kisco and Bedford Police Departments, who assisted the ICE officers in the raid, that letters had been sent to Lopez but were returned.

15. Upon information and belief, no one with the name "Estanslao Lopez" has ever resided at the premises.

16. Upon information and belief, neither the local law enforcement agencies nor ICE ever contacted the owner and landlord of the premises to confirm whether anyone with the name "Estanslao Lopez" was residing at the premises on March 19, 2007, or had ever resided at the premises.

17. Upon information and belief, the reasons asserted by the ICE officers and the local law enforcement officers for the raid was merely pretextual and intended solely to justify their improper conduct.

18. The ICE officers who participated in the improper conduct complained of included U.S. Immigration and Customs Enforcement Officer Jeffrey Grant and additional ICE agents whose identities are presently unknown.

19. Officer Grant and the other unidentified ICE officers are "investigative or law enforcement officers" within the meaning of 28 U.S.C. §2680(h), and thus, a claim under the Federal Tort Claims Act may be pursued against the United States.

20. The claims that the Plaintiff would be entitled to pursue under the laws of the State of New York, include, but are not necessarily limited to, claims in the nature of false arrest, false imprisonment, assault, battery, intentional infliction of emotional distress, excessive force, trespass, harassment and abuse of process.

21. The Plaintiff's claim are based upon the acts and events set forth above all of which actions

were taken (and events were caused) by investigative and law enforcement officers of the United States Government while acting within the scope of their employment.

III.

## FIRST CLAIM – VIOLATION OF 28 U.S.C. §2680

1. Plaintiff incorporates by reference herein all of the allegations set forth above.

2. The acts and events set forth above constitute false arrest, false imprisonment, assault, battery, intentional infliction of emotional distress, excessive force, trespass, harassment and abuse of process under the laws of the State of New York. Because these acts and events were undertaken and caused by investigative and law enforcement agents of the United States, the United States Government is liable for all damages caused by such acts, as provided by 28 U.S.C. §2680(h).

IV.

## DAMAGES

Plaintiff has suffered the following injuries for which he seeks full compensation under the law: mental anguish, mental distress, mental trauma, shame, humiliation, loss of sleep, loss of appetite, loss of weight, depression, loss of enthusiasm, irritability, nervousness and fear

V.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff is entitled to damages from the United States, and he does hereby pray that judgment be entered in his favor and against the United States government as follows: mental anguish, mental distress, mental trauma, shame, humiliation, loss of sleep, loss of appetite, loss of weight, depression, loss of enthusiasm, irritability, nervousness and fear in the

amount of $1,000,000.00.

Plaintiff is further entitled to and does hereby seek recovery of all costs and attorneys fees incurred by Plaintiff in this civil action, together with for such further and additional relief at law or in equity that this Court may deem appropriate or proper.

Dated: Ossining, NY
       July 29, 2008

                                      Respectfully submitted,

                                      George W. Echevarria, Esq.

                                      Attorney for Plaintiff
                                      100 Executive Boulevard
                                      Ossining, NY 10562
                                      Tel: (914) 923-3600
                                      Fax: (914) 923-2556
                                      echevarrialawyer@verizon.net

                                      By: _____
                                      George W. Echevarria, Esq. (GE 6614)